**FEDERAL DEFENDER PROGRAM, INC.**
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
SUITE 1500, CENTENNIAL TOWER
101 MARIETTA STREET, N.W.
ATLANTA, GEORGIA 30303

STEPHANIE KEARNS
EXECUTIVE DIRECTOR

TELEPHONE
404 688-7530
800 688-7538
FAX
404-688-0768

December 7, 2023

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA  30303

> Re:   Response to Notice of Supplemental Authority in
>       United States v. Dubois, 22-10829-F

Dear Mr. Smith:

Mr. Dubois submits this response to the government's November 28, 2023 letter citing *United States v. Jackson*, 85 F.4th 468 (2023).

The *Jackson* opinion's analysis is incorrect and too superficial in its assessment of historical analogues. The opinion relied on the Third Circuit's now vacated panel opinion in *Range v. Att'y Gen.*, 53 F.4th 262 (3d. Cir. 2022) (per curiam), which the en banc Third Circuit rejected. *Range v. Att'y General*, 69 F.4th 96 (2023) (en banc). The *Jackson* panel opinion also placed too much emphasis on dicta in *District of Columbia v. Heller* that states that the opinion did not cast doubt on "'longstanding prohibitions on the possession of firearms by felons.'" 53 F.4th at 501 (citing *Heller*, 554 U.S. 570, 626 (2008)). In relying heavily on this dicta, the *Jackson* panel opinion cited multiple concurrences and dissents from *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

> The decision in *Bruen*, which reaffirmed that the right is "subject to certain reasonable, well-defined restrictions," 142 S. Ct. at 2156, did not disturb those statements or cast doubt on the prohibitions. *See id.* at 2157 (Alito, J., concurring); *id.* at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id.* at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.). Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).

*Jackson*, 69 F.4th at 501–02.

But a blend of concurrences and dissents do not a majority make. "A dissenting opinion is generally not the best source of legal advice on how to comply with the majority opinion." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 230 (2023). And the *Jackson* panel opinion itself drew a thorough and critical dissent from denial of rehearing en banc. *United States v. Jackson*, 85 F.4th 468, 469 (2023).

> *Jackson* does not put the government to its task of establishing an "historical analogue." *Id.* at 2133 (emphasis omitted); *see Jackson*, 69 F.4th at 502. Worse yet, *Jackson* actually flips the burden. It says that the *defendant*, not the government, must "show … that his prior felony conviction is insufficient to justify the" stripping of Second Amendment rights. *Jackson*, 69 F.4th at 506 n.4 (citation omitted). How can that be? Apparently one of our pre-*Bruen* cases says so. *See United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019). It should go without saying that we have to follow what the Supreme Court says, even if we said something different before.

*United States v. Jackson*, 85 F.4th 468, 469 (8th Cir. 2023) (Stras, J., dissenting). And Mr. Jackson has now sought certiorari. *United States v. Jackson*, No. 23-6170, cert. filed (Nov. 28, 2023).

As argued in the dissent from denial of rehearing, the *Jackson* panel opinion's analysis was too general and conclusory. Because Catholics and Native Americans were once categorically banned from possessing firearms, the panel said, a modern permanent ban on possession of firearms by felons is also fine. *Jackson*, 85 F.4th at 470-71 (Stras, J., dissenting). Setting aside that those bans would violate the Fourteenth Amendment today, they were tied to a specific and ongoing risk of danger from war with the French. *Id*. And they were not permanent.

Felons existed at the time of the founding, and while forfeiture laws existed to deprive someone of a specific firearm used in an offense, *id*. at 473, there is no historical regulation that provided for blanket, permanent disarmament of non-dangerous felons. *Id*. at 472.

Jackson is legally incorrect and should not foreclose Mr. Dubois's as applied challenge to his conviction under 18 U.S.C. § 922(g)(1).

        Sincerely,

        NICOLE M. KAPLAN
        Georgia Bar No. 382495
        Counsel for Andre Dubois

Enclosure

cc:    Andre Dubois
       AUSA  Gabriel A. Mendel