**FEDERAL DEFENDER PROGRAM, INC.**
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
SUITE 1500, CENTENNIAL TOWER
101 MARIETTA STREET, N.W.
ATLANTA, GEORGIA 30303

STEPHANIE KEARNS
EXECUTIVE DIRECTOR

TELEPHONE
404 688-7530
800 688-7538
FAX
404-688-0768

December 7, 2023

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

      Re:    Response to Notice of Supplemental Authority in
                 United States v. Dubois, 22-10829-F

Dear Mr. Smith:

      Mr. Dubois submits this response to the government's November 28, 2023 letter citing *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023).

      The panel opinion in *Vincent v. Garland* relies on dicta from *District of Columbia v. Heller* that states that the opinion did not cast doubt on "'longstanding prohibitions on the possession of firearms by felons.'" 80 F.4th at 1201 (citing *Heller*, 554 U.S. 570, 626 (2008)). However, it is improper to treat dicta on a question that was not squarely before the *Heller* court as if it is binding precedent. "The constitutionality of felon dispossession was not before the Court in *Heller*, and because it explicitly deferred analysis of this issue, the scope of its assertion is unclear." *United States v. Bullock*, No. 3:18-CR-165-CWR-FKB, 2023 WL 4232309, at *18 (S.D. Miss. June 28, 2023) (Reeves, J.) *(quoting Kanter v. Barr*, 919 F.3d 437, 453 (7th Cir. 2019) (Barrett, J., dissenting) (cleaned up). "*Heller*'s dictum does not settle the question before us." *Id. See also Voisine v. United States*, 579 U.S. 686, 715, 136 S. Ct. 2272, 2291, 195 L. Ed. 2d 736 (2016) (Thomas, J., dissenting) *("Heller* approved, in dicta, laws that prohibit dangerous persons, including felons and the mentally ill, from having arms"). *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010).

    .     The *Vincent* court also "counted the votes" from the concurrences and dissents in *Bruen* to assume there is a majority vote to reject challenges to 18 U.S.C. § 922(g)(1).

      Another common method of denying these motions is to tally the felon-in-possession votes implied by *Bruen*'s concurrences and dissent. Recall that in

these separate opinions, six Justices endorsed felon disarmament. Five of those Justices are still on the Court. As a result, some district courts have assumed that as a simple matter of realpolitik, there is no chance the Supreme Court will find § 922(g)(1) unconstitutional in a future case. *E.g., United States v. Davis*, No. 1:21-CR-206-ADA-BAM-1, 2023 WL 2505039, at *3 (E.D. Cal. Mar. 14, 2023). It certainly is tempting for busy trial judges to try and resolve complicated issues via this kind of calculation. But this Court cannot honor an advisory opinion on an issue that was not before the Supreme Court. And it is no substitute for applying the new legal standard announced in *Bruen*.

*Bullock*, 2023 WL 4232309, at *19–20.

lastly, after relying on dicta and counting theoretical future Supreme Court votes, the *Vincent* opinion does not wrestle at all with whether there is a distinctly similar historical analogue to a permanent ban on non-dangerous felons possessing firearms as *Bruen* requires. Accordingly, the opinion is legally incorrect and offers no insight into proper application of *Bruen* and history to the issue in this case.

*Vincent* is legally incorrect and should not foreclose Mr. Dubois's as applied challenge to his conviction under 18 U.S.C. § 922(g)(1).

                                       Sincerely,

                                       NICOLE M. KAPLAN
                                       Georgia Bar No. 382495
                                       Counsel for Andre Dubois

Enclosure

cc:     Andre Dubois
        AUSA Gabriel A. Mendel